IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL C. REECE,

        Plaintiff,

v.                                                Case No. 12-1199-JTM

PARSONS STATE HOSPITAL AND
TRAINING CENTER,

        Defendant.

MEMORANDUM AND ORDER

Michael C. Reece brings suit pro se against Parsons State Hospital and Training Center ("Parsons"), alleging employment discrimination on the basis of race. This matter comes to the court on Parsons's motion to dismiss (Dkt. 9). Parsons argues that the complaint should be dismissed for insufficient service of process under FED. R. CIV. P. 12(b)(5) and for failure to state a claim under FED. R. CIV. P. 12(b)(6). For the following reasons, the court denies the motion on the basis of service of process but grants the motion for Reece's failure to state a claim.

I. Factual Background

Reece had been employed as a transporter by Parsons. One of his duties included driving residents of the hospital to and from places they wanted to go. On September 29, 2011, Reece drove a resident to the local Wal-Mart. According to a letter attached to the complaint, when Reece and the resident were in the checkout line, Reece argued with the cashier about the price of an item. Another Parsons staff member behind Reece said: "remember you're in front of people." Reece responded "this ain't my first rodeo,

you can file a grievance." While Reece continued arguing with the cashier, the resident began to bite his own arm. Reece responded to the resident by saying "F____ bite yourself, I don't care." The cashier reported Reece's behavior as "hateful."

Parsons became aware of this behavior and investigated it further. The risk management department learned from other staff that Reece cursed at residents and had outbursts toward them. As a result of this investigation, human resources requested Reece be evaluated regarding his "Fitness-for-Duty." Another letter attached to Reece's complaint shows that Reece failed his Fitness-For-Duty evaluation for his resistance to the process. The evaluator did not clear Reece to return to work. As a result, Parsons dismissed Reece as an employee, effective February 17, 2012.

On June 1, 2012, Reece filed his complaint. Based on the information Reece provided, the U.S. Marshal's service sent a copy of the summons and complaint by certified mail on July 11, 2012, addressed to PSH&TC, 2601 Gabriel Ave., Parsons, Kansas 67357. On July 26, 2012, the Marshal's service filed a Return of Service (Dkt. 6). The certified mail receipt attached to the return of service carries the signature of "Tom Westhoff," who is a transporter at Parsons.

II. Service of Process

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4. *See Nicks v. Brewer*, No. 10-1220, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010). The plaintiff has the burden of showing by a preponderance of the evidence that jurisdiction is proper. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). "The parties may submit affidavits and other

documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Taylor v. Osawatomie State Hosp.*, No. 07-2346, 2008 WL 2891011, at *1 (D. Kan. July 24, 2008).

FED. R. CIV. P. 4(j)(2) governs service upon a state-created governmental organization. Service on a state-created governmental organization must be made by "delivering a copy of the summons and complaint to its chief executive officer; or service a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." FED. R. CIV. P. 4(j)(2)(A)-(B). Under Kansas law, a state-created governmental agency may be served by "serving the attorney general or assistant attorney general." K.S.A. 60-304(d)(5); *see Bernard v. Kansas Health Policy Authority*, 2011 WL 768145, at *14 (D. Kan. Feb. 28, 2011) (finding a state governmental agency may be served by serving the Attorney General or Assistant Attorney General).

Parsons is a state hospital, so it must be served in accordance with FED. R. CIV. P. 4(j)(2). On July 11, 2012, the U.S. Marshal sent a copy of the summons and complaint by certified mail, based on the information Reece provided. However, the receipt shows that the documents were served on a Parsons transporter, rather than the Superintendent of Parsons, the Attorney General, or the Assistant Attorney General. As a result, Reece did not serve Parsons in the manner required under Rule 4(j)(2) or K.S.A. § 60-304(d).

Reece's attempted service may be saved if he substantially complied with the requirements for service pursuant to K.S.A. § 60-204. Chapter 60, § 204 states:

> The methods of serving process set out in article 3 of this chapter constitute sufficient service of process in all civil actions and proceedings, but are alternatives to and do not restrict different methods specifically provided by law. Substantial compliance with any method of serving process effects valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property.

K.S.A. § 60-204 (2010). Before there can be valid service under § 60-204, there must be substantial compliance with some method of service under Kansas law. *See Briscoe v. Getto*, 204 Kan. 254, 256-57, 462 P.2d 127 (1969). Substantial compliance with the requirements of service and awareness of the action are all that is necessary under § 60-204. *Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 936 (10th Cir. 1977); *Fulcher v. City of Wichita*, 445 F. Supp.2d 1271, 1275 n.1 (D. Kan. 2006) ("Before there can be valid service pursuant to K.S.A. 60-204, there must be substantial compliance with some method of service and, thereafter, irregularities and omissions will be cured by awareness of the action.").

This court finds that Reece's service, while not technically proper, constituted substantial compliance under § 60-204. The court also finds that defendants have not been denied due process. *See Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945-46 (10th Cir. 1987) (stating that courts should generally overrule technical objections to service of process if defendants have not been denied due process). There is no allegation that the summons and complaint did not reach Parsons. The proper persons have received notice of the lawsuit and have demonstrated by the present motion their ability to defend the lawsuit. Therefore, Parsons's 12(b)(5) motion is denied.

III. Failure to State a Claim

A district court may dismiss a pro se complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim. *Northington v. Jackson*, 973 F.2d 1518, 1520 (10th Cir. 1992). To survive a motion to dismiss brought under FED. R. CIV. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above a speculative level" and must contain enough facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[T]he Complaint must give the Court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.ed 1174, 1177 (10th Cir. 2007). The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Complaints that are no more than labels and conclusions or "a formulistic recitation of the elements of a cause of action" do not satisfy this standard. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 570. The requirement of plausibility not only serves to weed out claims that lack a reasonable prospect of success, it also serves to inform defendants of the actual grounds of the claims against them. *Robbins*, 519 F.3d at 1248.

The district court construes a pro se plaintiff's complaint liberally. *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). However, the court cannot

"assume the role of advocate for the pro se litigant," "construct arguments or theories for the plaintiff in the absence of any discussion on those issues," or "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Tenth Circuit recently found that "while the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] Complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (finding that conclusory formulaic recitations were not considered well-pleaded facts under the *Iqbal* standard) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)); see also *Iqbal*, 129 S. Ct. at 1949 (finding "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To establish a claim for discrimination under Title VII, a plaintiff must show direct evidence of discrimination or follow the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189 (10th Cir. 2011). To establish a prima facie case of discrimination under *McDonnell Douglas*, the plaintiff must show (1) he is a member of a protected class, (2) he suffered and adverse employment action, (3) he is qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *See Sanchez v Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998). Only after the plaintiff makes this showing will the burden shift to the defendant to produce a legitimate, non-

discriminatory reason for the adverse employment action. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002).

In this case, the complaint does not provide any facts to show that Reece was treated less favorably than other employees not in the protected class. In his response to Parsons's motion, Reece merely restates the allegations from his complaint, inserting "an African-American male" after every mention of himself. But the allegation that Reece is a member of a protected class is not an obstacle for him here. Reece's response also adds that he "was not treated in the way someone of the majority under the same circumstances would be treated . . . ." However, the court cannot accept this statement as true, since it is a conclusory recital of an element of the cause of action. *See Iqbal*, 129 S. Ct. at 1949. Having pled no facts that might show that Parsons treated Reece less favorably than other employees not in the protected class, Reece fails to state a claim for which relief may be granted. The court grants Parsons's 12(b)(6) motion.

IV. Conclusion

The court service of process was sufficient. However, the court dismisses the complaint for failure to state a claim for which relief may be granted.

IT IS THEREFORE ORDERED this 4th day of January, 2013, that the court grants Parsons's motion (Dkt. 10) as set forth above.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE